UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-CV-00361-FDW-DCK

| | |
|---|---|
| SHELLY WILDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| HUTCHENS, SENTER, KELLAM & ) | |
| PETTIT, P.A., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. Because Plaintiff appears *pro se*, the Court issued a Roseboro notice advising Plaintiff of her right to respond to Defendant's Motion to Dismiss on or before September 10, 2014. (Doc. No. 12). Plaintiff requested, and was granted, an extension of time to file her response to Defendant's Motion to Dismiss (Doc. Nos. 13, 14), and Plaintiff subsequently responded in a timely manner (Doc. No. 15). For the reasons stated below, Plaintiff's Complaint is DISMISSED in its entirety and Defendant's Motion is DENIED AS MOOT.

## I. BACKGROUND

This civil action arises from foreclosure proceedings brought against *pro se* Plaintiff Shelly Wilder ("Plaintiff") in the North Carolina General Court of Justice, Mecklenburg County Superior Court, as to real property located at 6911 Lakeside Drive, Charlotte, North Carolina, 28215 (the "Subject Property"). (Doc. No. 1, Ex. A). According to the Complaint, on or about August 14, 2006, Plaintiff entered into a real estate transaction with Mortgage Tree Lending for

the amount of $117,161.00. (Doc. No. 1, p. 4). Bank of America, N.A. later became the holder of the promissory note and owner of the deed of trust (Doc. No. 8, p. 3), but Plaintiff disputes this matter, claiming that the assignment is void (Doc. No. 1, p.6). At the request of Bank of America, N.A., the Substitute Trustee, Hutchens, Senter, Kellam & Pettit, P.A. ("Defendant"), instituted a foreclosure action against Plaintiff seeking to foreclose on the Subject Property.[1] (Doc. No. 8, p. 3). Pursuant to N.C. Gen. Stat. § 45-21.16, a hearing before the Clerk of Superior Court for Mecklenburg County is scheduled for October 30, 2014. (Doc. No. 8, p. 3).

On June 30, 2014, Plaintiff brought this action against Defendant concerning Defendant's involvement in the foreclosure proceeding discussed above. (Doc. No. 1). On August 11, 2014, Defendant filed a Motion to Dismiss pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 7), along with a Memorandum in Support of Defendant's Motion to Dismiss (Doc. No. 8). On September 10, 2014, Plaintiff filed her Reply in Opposition to Defendant's Motion to Dismiss (Doc. No. 15), and on September 11, 2014, Defendant filed a Notice of Intent Not to Reply (Doc. No. 16). Thus, Defendant's Motion to Dismiss is ripe for the Court's review.

Plaintiff's causes of action are based on her challenges to the above-referenced foreclosure conducted under Chapter 45 of the North Carolina General Statutes. Specifically, Plaintiff contends that Defendant was wrongfully "assigned the debt of a purported defaulted mortgage loan, under guise of an assignment of Deed of Trust, and [ ] erroneously foreclosed on Plaintiff's Property, and [is] attempting to erroneously evict Plaintiffs from Plaintiffs property."

---

[1] A copy of the Notice of Hearing on Foreclosure of Deed of Trust filed in Mecklenburg County Superior Court is attached to Plaintiff's Motion as Exhibit A. This Court may take judicial notice of this and other foreclosure filings—which are all public record, integral to Plaintiff's Complaint, and authentic—without converting this to a summary judgment motion. See Philips v. Pitt Cnty. Mem. Hosp., 572, F.3d 176, 180 (4th Cir. 2009); Fed. R. Evid. 201(b).

(Doc. No. 1, pp. 5-6). Plaintiff alleges that these actions taken by Defendant were "either FALSE and misleading representation or unfair practices, and constitute violations of 15 U.S.C. 1692(e) & (f)." (Doc. No. 1, p. 6). While it is difficult to follow the claims and relief sought by Plaintiff, the Complaint appears to specifically allege twelve causes of action against Defendant, including (1) violation of 15 U.S.C. 1692(e)(2)(A) & (B); (2) violation of 15 U.S.C 1692(e)(3); (3) violation of 15 U.S.C. 1692(c)(4); (4) violation of 15 U.S.C. 1692(e)(5); (5) violation of 15 U.S.C. 1692(e)(6)(B); (6) violation of 15 U.S.C. 1692(e)(10); (7) violation of 15 U.S.C. 1692(f)(1); (8) violation of 15 U.S.C. 1692(f)(6)(A); (9) violation of 15 U.S.C. 1692(j)(a); (10) forgery; (11) violation of Article 9-203(b) of the Uniform Commercial Code; (12) intentional misrepresentation. (Doc. No. 1, pp. 9-20).

Additionally, Plaintiff claims that Defendant has no enforceable right under the Note and is not the holder of the Note. (Doc. No. 1, p. 18). Finally, Plaintiff requests an injunction "prohibiting Defendants and their agents and assigns, from eviction process and a wrongful foreclosure sale on Plaintiff's property in any way." (Doc. No. 1, p. 20). In her Prayer for Relief, Plaintiff seeks the following:

(1) a decree and order determining and Granting Plaintiff's Request Enjoining of Defendants for and to the benefit of Plaintiff's, as to the '*In Rem*' Property, and as against any and all of Defendants hereto and to any 'Adverse Claims,' they allege to possess herein;

(2) a Judicial Declaration be entered and each of them be declared to have no interest either legal or equitable, right, estate, or lien in subject Property and that Defendants, their agents or Assigns, be forever enjoined from asserting estate, right, title or interest to subject property;

(3) that each and every Party herein be specifically ordered to perform and effectuate full conveyance of any and all relative "Security," Secured Instruments and or "Deed of Trust;" and

(4) such reasonable cost of suit.

(Doc. No. 1, p. 21).

Defendant's Motion to Dismiss requests the Court to dismiss Plaintiff's Complaint in its entirety. (Doc. No. 7).

## II.    ANALYSIS

Before addressing Defendant's 12(b)(6) motion, the Court must first determine whether or not it has jurisdiction to hear the case. The existence of subject matter jurisdiction is a threshold issue. While Defendant does not move to dismiss for lack of subject matter jurisdiction, "it is well-recognized in our jurisprudence that the issue of subject matter jurisdiction may be raised *sua sponte*." Unitrin Auto and Home Ins. Co. v. Bastida, No. 3:09-cr-00217, 2009 WL 3591190, at *1 (W.D.N.C. Oct. 26, 2009) (citing Contrick v. Ryan, 540 U.S. 443, 455 (2004)). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Absent a proper basis for subject matter jurisdiction, a case *must* be dismissed. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); accord Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The party seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

As noted above, the gravamen of Plaintiff's causes of action challenges a foreclosure conducted under Chapter 45 of the North Carolina General Statutes, as well as the holdership of the note securing the debt at issue in the foreclosure action. While Plaintiff's claim for intentional misrepresentation fails to present a federal question, her claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), attempt to assert federal questions, notwithstanding the bases for those claims arise directly out of the lending transaction that formed the basis of the foreclosure. Foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction. See e.g., Jennifer Belter Formichella, PLLC, 2012 WL 2501110, *2 (citing City of Durham v. Wadsworth, 2009 WL 186174 (M.D.N.C. 2009) (remanding tax foreclosure action); McNelly v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C. 2008) (nothing in "simple foreclosure action of real property … suggests the presence of a federal question")); Trustee Services of Carolina, LLC v. Rivera, 2012 WL 1645534, *2 (W.D.N.C. May 2, 2012) (same)).

Furthermore, the Court notes that dismissal is also appropriate under the Younger abstention doctrine, which provides that abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. See Younger v. Harris, 401 U.S. 37 (1971); Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995).

Here, Plaintiff's own allegations and the exhibits that Plaintiff has attached to the Complaint reveal that there is an ongoing foreclosure proceeding in the North Carolina General Court of Justice for Mecklenburg County regarding foreclosure of the Subject Property. (Doc. No. 1, Ex. A). Furthermore, Plaintiff's claims concerning the ongoing foreclosure matters

clearly implicate important state interests. See Toney v. LaSalle Bank Nat'l Ass'n, 896 F. Supp. 2d 455, 476 (D. S.C. 2012) (citing Shaffer v. Heitner, 433 U.S. 186, 207-08 (1977) (recognizing a state's "strong interests in assuring the marketability of property within its borders[ ] and in providing a procedure for peaceful resolution of disputes about the possession of that property") (footnote omitted in original); Sergeon v. Home Loan Ctr., Inc., No. 3:09-CV-01113-J-32JBT, 2010 WL 5662930 (collecting cases applying Younger abstention in light of a pending state foreclosure proceeding); Barkowski v. Fremont Inv. & Loan of Anaheim, Cal., 368 F. Supp. 2d 822, 828 (N.D. Ohio 2005 (applying Younger abstention in the context of a pending state foreclosure proceeding); Prindable v. Ass'n of Apt. Owners of 2987 Kalakaua, 304 F. Supp. 2d 1245, 1262 (D. Haw. 2003) (finding that foreclosure and ejectment proceedings were important state interests under Younger)). Finally, Plaintiff has an adequate state forum to pursue her claims against Defendant. In fact, as previously noted, Plaintiff is currently a party to foreclosure proceedings instituted by Defendant and currently pending in North Carolina State Court. Under North Carolina law, a clerk hearing a foreclosure of a deed of trust by power of sale must find: (i) a valid debt of which the foreclosing party is the holder; (ii) default; (iii) right to foreclose by power of sale under the debt instrument; (iv) notice to all parties entitled to it; (v) compliance with various consumer-protection notice provisions; and (vi) that the debtor is not an active-duty member of the armed services. N.C. Gen. Stat. § 45-21.16(d). Decisions of the clerk under N.C. Gen. Stat. §45-21.1 are appealable to the superior court within ten days and become final, non-appealable orders if not appealed by the deadline. Phil Mechanical Constr. Co. v. Hillier, 72 N.C. App. 318, 325 (1985)).

Accordingly, Plaintiff's claims regarding the holder of the note at issue in this case, and regarding Defendant's right to foreclose the Subject Property, must be addressed by the clerk in

the foreclosure proceedings currently pending in Mecklenburg County. Moreover, North Carolina law specifically provides Plaintiff with a means to appeal the clerk's decision, should Plaintiff find such action necessary after the clerk renders her decision. Thus, dismissal is also appropriate under the Younger abstention doctrine.

### III. CONCLUSION

For the above reasons, all of Plaintiff's Claims are hereby DISMISSED WITH PREJUDICE and Defendant's Motion to Dismiss (Doc. No. 7) is DENIED AS MOOT. As no claim remains, the Complaint itself is similarly DISMISSED WITH PREJUDICE, and the Clerk of Court is respectfully directed to CLOSE THE CASE.

**IT IS SO ORDERED.**

Signed: September 30, 2014

Frank D. Whitney
Chief United States District Judge